```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF MISSISSIPPI
               NORTHERN DIVISION


JAMES ALEXANDER                                          PLAINTIFF

VS.                            CIVIL ACTION NO. 3:15CV129TSL-RHW

STATE OF MISSISSIPPI AND
BOARD OF SUPERVISORS AND
CHANCERIES, EACH, OF THE COUNTIES OF:
LAWRENCE (KEVIN RAYBORN)
PEARL RIVER (DAVID EARL JOHNSON)
JEFFERSON (DELORES FRYE)
HINDS (EDDIE JEAN CARR)
MADISON (RONNY LOTT)
RANKIN (LARRY SWALES)
COPIAH (STEVE AMOS)
LAMAR (WAYNE SMITH)
MARSHALL (CHUCK THOMAS)
LINCOLN (TILLMON BISHOP)
AND
CITY COUNSEL AND (CITY CLERK)                            DEFENDANT
```

### MEMORANDUM OPINION AND ORDER

Most of the defendants herein have filed motions pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c) to dismiss and/or for judgment on the pleadings, which are now pending before the court for decision. Plaintiff James Alexander has responded to these motions and has filed his own "Pro Se Special Appearance, Motions for Relief from Civil Rights Violations, Particularly of the 14th Amendment of the United States Constitution and Article 3, Sections No. 16, No. 24 and No. 25 of the Mississippi Constitution, Through Release of Title Deeds to Land and Property Owned in Above Noted Counties and City, Pursuant to the Mississippi Code of 1972 Governing Land Lien Purchases and

Redemptions; and Motions for Payment of All Applicable Damages; and Motions for Reimbursement of All Relative Litigation Costs, including Attorneys' Fees; and/or Relief in the Form of Monetary Penalties in Value of Land for Which Title Deeds Continue to be Withheld."  Having considered these motions, the court concludes that defendants' motions to dismiss/for judgment on the pleadings should be granted and plaintiff's motion for relief – which in substance is in the nature of a motion to amend – should be denied.

<u>The Amended Complaint</u>

On May 7, 2015, plaintiff James Alexander, proceeding *pro se*, filed an amended complaint[1] in this cause against the State of Mississippi, the Boards of Supervisors and Chancery Clerks of the Counties of Lawrence, Pearl River, Jefferson, Hinds, Madison, Copiah, Lamar, Marshall and Lincoln Counties, and the City Counsel and City Clerk of the City of Brookhaven.[2]  In this amended

---

[1]   Plaintiff has previously filed his original complaint on February 24, 2015.  While summons was issued, that complaint apparently was never served on any defendant.

[2]   Plaintiff's amended complaint recites that other individuals are involved, as well, including "justices chancellor Cynthia Brewer of Madison County, Chancellor Shoemake of Lawrence County....; Marshall County Tax Collector, Kay Pace; Madison County Chancery Office Clerk, Kim Sievers and Judge Mammie Kin, Kim Horn and Stephanie [no last name provided] of the Madison County Justice of the Peace Offices."  However, he has not named any of these individuals as defendants or served them with process.

complaint, Alexander alleges that over a period of approximately twenty-five years, he purchased land through tax sales in these various counties throughout Mississippi, and yet following the tax sales and subsequent statutory two-year waiting period, the chancery clerks in these counties have systematically and continuously refused to provide him the property deeds as required by Mississippi Code Annotated § 27-45-3l.  He states that he is in possession of between 300 to 400 redemption receipts that the respective chancery clerks have refused to honor.  Alexander alleges that he sent certified letters to the various chancery clerks explaining his position and challenging them to provide to him a written explanation of the basis for their refusal to honor his redemption receipts; but they either did not respond or provided him an incorrect and/or inadequate explanation. Alexander alleges that the chancery clerks' actions constitute "ongoing violations of The Mississippi Code of 1972" and the Mississippi Constitution, and "ongoing civil rights violations," particularly his right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.  He asserts that the State of Mississippi is liable as the "employer" of the chancery clerks "as it failed to insure compliance and accountability of its actors to said code of law, and by it, have [sic] failed to protect, even denied [the Plaintiff] my Civil Rights."  As relief, he seeks an order requiring "release of Title

Deeds owned by me ... pursuant to the law of the Mississippi code of 1972 governing lien Purchases and Redemptions" and for damages in the amount of $20,000,000 associated with deprivation and denial of the said title deeds.

<u>Standard for Dismissal under Rule 12(b)(6)/12(c)</u>

All but one of the defendant chancery clerks have moved for dismissal, pursuant to Rule 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure, of plaintiff's sole federal claim, namely, that he suffered a violation of his Fourteenth Amendment right to equal protection.[3]  Brookhaven City Clerk Mike Jinks has likewise moved under Rule 12(c) to dismiss plaintiff's federal equal protection claim.[4]

Motions for judgment on the pleadings under Rule 12(c) and to dismiss for failure to state a claim under Rule 12(b)(6) are subject to the same standard.  <u>Doe v. MySpace, Inc.</u>, 528 F.3d 413, 418 (5th Cir. 2008).  The central issue on both motions is whether

---

[3] Madison County Chancery Clerk Ronny Lott has not filed a motion to dismiss.  However, the court may consider *sua sponte* whether a claim should be dismissed for failure to state a viable claim for relief.  <u>See</u> <u>Shawnee Int'l v. Hondo Drilling Co.</u>, 742 F.2d 234, 236 (5th Cir. 1984) (holding that a district court may *sua sponte* dismiss for failure to state a claim).

[4] Previously the court granted motions to dismiss by the Boards of Supervisors of Pearl River, Jefferson, Hinds, Madison, Copiah, Lamar and Lincoln Counties on the basis that these were not separate legal entities capable of being sued.  The Marshall, Lawrence and Rankin County Boards of Supervisors have now moved to dismiss on the same basis.  Their motions will be granted.

the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. Id. To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 672-73, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Equal Protection

The sole purported federal claim appearing in plaintiff's amended complaint is that he suffered a deprivation of his right to equal protection under the Fourteenth Amendment. "The Equal Protection Clause protects individuals from governmental action that works to treat similarly situated individuals differently." Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 227 (5th Cir. 2012) (internal quotation marks and citation omitted). To state a claim for an equal protection violation, the "plaintiff must either allege that (a) a state actor intentionally discriminated

5

against [him] because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Gibson v. Tex. Dep't of Ins.-Div. of Workers' Comp., 700 F.3d 227, 238 (5th Cir. 2012) (alteration in original) (internal quotation marks and citation omitted).  Based on its thorough review of plaintiff's amended complaint, the court concludes that plaintiff has failed to state a claim for violation of his right to equal protection.  Plaintiff repeatedly asserts in his amended complaint that defendants violated his civil rights under the Fourteenth Amendment by denying him "Equal Protection of said rights and of its own Laws ... through ongoing violations of The Mississippi Code."  However, he has alleged no facts to support this claim.  He has not alleged or even intimated that any of the defendants intentionally discriminated against him because of membership in a protected class or that he has been treated differently from other similarly situated individuals.

In July, well after defendants had filed their answers and/or motions to dismiss, plaintiff filed a document which is styled, "Pro Se Special Appearance, Motions for Relief from Civil Rights Violations, Particularly of the 14th Amendment of the United States Constitution and Article 3, Sections No. 16, No. 24 and No. 25 of the Mississippi Constitution, Through Release of Title Deeds to Land and Property Owned in Above Noted Counties and City, Pursuant

6

to the Mississippi code of 1972 Governing Land Line Purchases and Redemptions; and Motions for Payment of All Applicable Damages; and Motions for Reimbursement of All Relative Litigation Costs, including Attorneys' Fees; and/or Relief in the Form of Monetary Penalties in Value of Land for Which Title Deeds Continue to be Withheld" (Motion for Relief).  In this submission, plaintiff sets forth, at length, his position as to the correct interpretation of Mississippi law regarding defendants' tax lien obligations, and he further purports to undertake to show, among other things, "specific points of Civil Rights violations on part" of the chancery clerks, for whose acts and/or omissions the State is alleged to be accountable.  In addition to alleging violation of his equal protection rights, plaintiff refers in this submission to violations of the Fourteenth Amendment Due Process Clause, to which there was not so much as a passing reference in his amended complaint.

   A number of defendants have moved to strike plaintiff's motion for relief on the basis that it appears to be a second amended complaint that was filed without leave of court, in violation of Federal Rule of Civil Procedure 15.  They ask that in the event the court does not consider this to be a second amended complaint, "the court provide guidance as to the exact nature of this pleading."  Plaintiff has filed a response to the motions to strike in which he attempts to explain the document.  He states:

"[M]y July filing was ... a file of my case brief and exhibits applicable to the argument and detailed facts of my suit against the State of Mississippi and its actors.... I simply request that of decision made in this matter, [defendants] not be relieved of any obligation pursuant to all applicable requirements of the law and court in this case."

The court is unsure as to the proper characterization or treatment of plaintiff's motion for relief. If plaintiff had intended it as an amended complaint – an intention which he appears to disavow – it would be stricken for noncompliance with Rule 15. See Fed. R. Civ. P. 15(a) (providing that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). It also could be interpreted as a motion to amend to expound upon the factual basis of his existing claim(s) and to add a claim for alleged due process violations. In that case, the motion would be denied on the basis of futility. See Carney v. Lewis, No. 3:14CV286TSL-JCG, 2014 WL 7231772, at *4 (S.D. Miss. Dec. 18, 2014) (stating that "[w]hile Federal Rule of Civil Procedure 15 provides that 'court[s] should freely give leave [to amend] when justice so requires,' the court may deny leave to amend where the amendment would be futile."); see also Hopson v. Chase Home Finance LLC, Civil Action No. 3:12CV505TSL–JMR, 2014 WL 1411811, at *16 (S.D. Miss. Apr. 11,

2014) (denying request to amend as futile where the plaintiffs "failed to articulate any factual basis to support any other claims that would be more plausible than the ones they have already attempted to assert").

As in his amended complaint, plaintiff refers in his motion for relief to the defendant chancery clerks' "[o]ngoing violations of my Civil Rights" based on "more than twenty-five (25) years failure to release deeds and/or payments with interest as required by Statutes of Mississippi Tax Code of 1972 regarding tax lien obligation ...." However, as in his amended complaint, while plaintiff contends his equal protection rights were violated, he does not assert/allege/argue that he was treated differently from any similarly situated person or persons, whether on account of his membership in a protected class or otherwise.[5]

---

[5] In the next to last paragraph of this 35-page document, plaintiff states:
> Said defendants have with contentment repetitively violated my civil liberties in heartless and determined acts of denial of release of my deeds or applicable payments. As being conducted by a race of individuals without understanding of the standard struggles of black men to gain wealth, through the senselessness of it all, it remains impossible for me to rule out racism as a factor in the ongoing resistance.

To the court's knowledge, this is the *only* reference to race (or his membership in a protected class) in any of plaintiff's submissions in this case. And even in this statement, he does not allege he was discriminated against because of his race. He states only that he cannot rule out racism. Moreover, nowhere in this document does he claim that he was treated differently from any other similarly situated person or persons.

Plaintiff asserts in his motion for relief that his due process rights were violated. However, the facts he has recited as apparent support for this assertion would not state a viable claim for relief against any of the named defendants. In this regard, plaintiff refers to the "Chanceries' ... gross failure of Due Process of law governing Mississippi land acquisitions and their determined refusal to honor my purchaser's rights on tax purchase and redemption lien obligations as per the Statutes of Mississippi Tax Code of 1972." He goes on to state:

> Ongoing, multitude of years, failure to follow procedures of the Law of Mississippi Tax Code of 1972 has occurred by refusal on part of noted Chanceries of noted Counties to release property deeds and/or make monetary restitution to me as required by law, perpetuates a violation of the 14th Amendment and of the due process laws of this nation.

The Due Process Clause of the Fourteenth Amendment protects property interests; however, the mere deprivation of a property interest by government officials, without more, does not violate the Due Process Clause; the deprivation must be without due process. See Brooks v. Miller, 620 F. Supp. 957, 961 (N.D. Miss. 1985).

> A mere deprivation of a life, liberty or property interest suffered at the hands of an individual acting under color of state law is insufficient to establish a violation of the Due Process Clause of the Fourteenth Amendment. Instead, the deprivation must be without due process. As a general proposition, due process requires some sort of a pre-deprivation hearing. Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S. Ct. 2701, 5705-06, 33 L. Ed. 2d 548, 556-57 (1972). However, in

10

> cases where the particular deprivation is the result of random and unauthorized conduct by state employees, rather than an "established state procedure," see Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S. Ct. 1148, 71 L. Ed. 2d 265, 277-78 (1982), a pre-deprivation hearing is obviously impractical.  In these cases, whether the conduct inflicting the deprivation may be characterized as negligent or intentional, an adequate post-deprivation remedy will satisfy due process.  See Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 3203, 82 L. Ed. 2d 393, 407 (1984) (intentional conduct); Parratt v. Taylor, 451 U.S. at 541, 101 S. Ct. at 1916, 68 L. Ed. 2d at 432 (negligent conduct).

Id.; see also Schoppa Family v. Kupersmith, 54 F. App'x 592 (5th Cir. 2002) (explaining that under the Parrratt/Hudson doctrine, where a "§ 1983 plaintiff alleges he has been deprived of property without due process of law by a state officer's random and unauthorized intentional conduct, rather than by an established state procedure, there is no infringement of procedural due process rights if there is an adequate state post-deprivation remedy.'").

Presumably, plaintiff's position is that Mississippi state tax sales statutes give him a property interest, protected by the Fourteenth Amendment, in the right of redemption and/or monies he has tendered for the payment of property taxes on the properties at issue.  Ausuming this is true, he still has not asserted a viable due process claim because he has an adequate post-deprivation remedy under state law.  In Alexander v. Taylor, Civil Action No. 3:02CV91-B-B (S.D. Miss. Jan. 24, 2003), a prior lawsuit brought by this plaintiff and one L.J. Newsome against the

11

Marshall County Chancery Clerk, the plaintiffs had purchased a number of parcels of property at tax sales and paid the delinquent taxes to protect their investment, following which the record owners redeemed their properties. The plaintiffs filed suit alleging that they were deprived of property without due process when the chancery clerk failed to collect from the redeeming landowners the amounts the plaintiffs had paid for delinquent taxes and to reimburse the plaintiffs for the monies they had paid. The plaintiffs sought a writ of mandamus directing the chancery clerk to issue them tax deeds to the property or, alternatively, for reimbursement of the taxes they had paid. The court held that even if the plaintiffs were deprived of a property interest in the monies they had paid, the deprivation was not without due process, as state law provided them an adequate post-deprivation remedy. The court stated:

> Mississippi statutes provide the plaintiffs with adequate post-deprivation remedies and the process they are due under the law. Pursuant to Miss. Code Ann. § 27-45-27,[6] the amounts paid for taxes on the land

---

[6] That statute states:
The amount paid by the purchaser of land at any tax sale thereof for taxes, either state and county, levee or municipal, and interest on the amount paid by the purchaser at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof, and all expenses of the sale and registration, thereof shall be a lien on the land in favor of the purchaser and the holder of the legal title under him, by descent or purchase, if the taxes for which the land was sold were due, although the sale was illegal on some other ground. The purchaser and the holder of the legal title under

>after its sale for delinquent taxes are a lien on the
>land in favor of the purchaser. See Op. Att'y Gen. No.
>93-0501, Hollimon, Sept. 8, 1993. The plaintiffs are
>entitled to enforce their lien through a bill in
>chancery. The plaintiffs may also, as they have done
>here, seek a writ of mandamus. While this court
>declines to issue such a writ in the present case,
>instead reserving that determination for a state forum,
>the existence and adequacy of the remedy precludes a
>cognizable claim for violation of due process.

Id. This court would note, further, that Mississippi law recognizes that a chancery clerk's "[f]ailure to make required payments constitutes 'misfeasance in office' and permits a suit against the clerk on his official bond." Alexander v. Taylor, 928 So. 2d 992, 998 (Miss. Ct. App. 2006); see also Miss. Code Ann. § 25-45-1 ("For a failure so to report or to pay over the sums to the parties entitled thereto as herein required, he shall be liable on his official bond to a penalty of one percent (1%) per month on the amount withheld."). As plaintiff has adequate post-deprivation remedies under state law, he has no cognizable due

---

>him by descent or purchase, may enforce the lien by bill
>in chancery, and may obtain a decree for the sale of the
>land in default of payment of the amount within some
>short time to be fixed by the decree. In all suits for
>the possession of land, the defendant holding by descent
>or purchase, mediately or immediately, from the
>purchaser at tax sale of the land in controversy, may
>set off against the complainant the above-described
>claim, which shall have the same effect and be dealt
>with in all respects as provided for improvements in a
>suit for the possession of land. But the term "suits
>for the possession of land," as herein used, does not
>include an action of unlawful entry and detainer.

Miss. Code. Ann. § 27-45-27.

process claims based on alleged failures by the defendant chancery clerks to comply with their alleged statutory duties.

Alexander also asserts in his motion for relief that he has suffered violations of his due process rights in connection with litigation he previously brought in Lawrence and Madison Counties. While his specific contentions are unclear, they all relate to rulings made by state courts in cases brought by Alexander. In this regard, he states, among other things, that despite his repeated requests, Lawrence County Chancellor David Shoemake has failed to comply with an October 2011 ruling by the Mississippi Court of Appeals in a case that plaintiff brought in state court. Plaintiff has no viable due process claim on the basis of this allegation. Assuming his claim is true, plaintiff's recourse is not a due process claim in this court but a petition for writ of mandamus in the state's appellate courts.

Alexander further asserts that Madison County Chancellor Cynthia Brewer's opinion forever barring him from filing suit against the State of Mississippi or the Madison County Chancery Clerk with regard to certain parcels of property violates his due process rights, as does the Mississippi Court of Appeals and/or Mississippi Supreme Court's handling of his appeal of Chancellor Brewer's ruling.[7]  Plaintiff's motion suggests the state appellate

---

[7] It appears from plaintiff's motion for relief that the appeal was dismissed as his notice of appeal was not timely filed.

court dismissed his appeal of the chancellor's ruling on the erroneous basis that his notice of appeal was not timely filed. Plaintiff's claim is not cognizable in this court. Under the Rooker-Feldman doctrine, district courts do not have jurisdiction to review final judgments of state courts; only the Supreme Court has that power. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "The Rooker-Feldman doctrine occupies 'narrow ground': it bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Avdeef v. Royal Bank of Scotland, P.L.C., No. 14-11039, 2015 WL 3541188, at *5 (5th Cir. June 8, 2015) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). The Fifth Circuit has explained that

> "[a] state court judgment is attacked for purposes of Rooker-Feldman when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." Weaver v. Tex. Capital Bank, N.A., 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (second alteration in original) (citations and internal quotation marks omitted). However, Rooker-Feldman "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'" Id. (quoting Exxon, 544 U.S. at 293, 125 S. Ct. 1517). Indeed, the doctrine "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state

15

>court judgment." Id. If the plaintiff claims damages
>for injuries caused by the defendants' actions–even
>those occurring during litigation–rather than injuries
>arising from a state-court judgment itself, the federal
>suit is not barred by Rooker-Feldman. See Truong, 717
>F.3d at 383.

Avdeef, 2015 WL 3541188, at *5. Alexander has no "independent claim"; the point of his purported due process claim here is to seek relief from the state court's rulings. The court lacks jurisdiction to consider any such claim.

Alexander's motion for relief references 42 U.S.C. § 1982, which he says was violated by the acts and omissions of the chancery clerks. That statute states that "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under § 1982, Alexander must allege that he is a member of a racial minority and that defendants intentionally engaged in discrimination against him. Cox v. Phase III, Investments, No. CIV.A. H-12-3500, 2013 WL 3110218, at *11 (S.D. Tex. June 14, 2013) (citing Chapman v. Arlington Housing Auth., 145 Fed. App'x 496, 497 (5th Cir. 2005)). Alexander has not alleged that he was intentionally discriminated against based on his race. See Watson v. Land Am. Austin Title, 338 F. App'x 352, 353-54 (5th Cir. 2009) (holding that the plaintiff did not have a viable claim against the defendants under

16

§ 1982 because he had not alleged "'an intentional act of racial discrimination by a defendant'") (quoting Vaughner v. Pulito, 804 F.2d 873, 877 (5th Cir. 1986)).

In his amended complaint, plaintiff has not articulated any factual basis to support any federal claim for relief. That complaint is therefore due to be dismissed with prejudice.[8] His motion for relief, to the extent it may reasonably be construed as a request to amend, does not set forth a factual basis for any federal claim for relief that would be any more plausible than the one he attempted to assert in his amended complaint. As the court has found that plaintiff has failed to state a claim for relief

---

[8] The Fifth Circuit has stated that "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." Bazrowx [v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)]. On the other hand, when a *pro se* petitioner has been given several opportunities to amend his claims, dismissal is proper. Castro Romero v. Becken, 256 F.3d 349, 353 (5th Cir. 2001). In Bazrowx, we implied that it is harmless error to dismiss a case for failure to state a claim without giving the plaintiff an opportunity to amend if the plaintiff has alleged his best case or if the dismissal is without prejudice. 136 F.3d at 1054.
Lerma v. Falks, 338 F. App'x 472, 474 (5th Cir. 2009). In his responses to the various defendants' motions to dismiss his federal claim(s), Alexander has neither requested to amend – which suggests he has already alleged his "best case" – nor has he offered a factual basis that would support an amendment that would state a claim for violation of his equal protection rights.

under federal law, the question arises whether this court should exercise supplemental jurisdiction over his state law claims.

### Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  The Fifth Circuit has held that "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial," Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009), though "this rule is neither mandatory nor absolute," id., and "[d]istrict courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed," Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993).  Here, because the federal claim is being dismissed at the very earliest stages of litigation, the factors of judicial economy, convenience, fairness, and comity suggest that this court ought to decline jurisdiction over Alexander's remaining claims for violation of state law.  Those claims will therefore be dismissed without prejudice.

### Conclusion

Based on the foregoing, it is ordered that each of the following motions is granted to the extent it seeks dismissal of

plaintiff James Alexander's federal claims: the motions to dismiss federal claims filed by Wayne Smith, Earl Johnson, Delores Frye, Steve Amos, Eddie Jean Carr, Kevin Rayborn and Mike Jinks [[Dkt. Nos. 60, 62, 64, 66, 68, 70, 82, 98]; motion to dismiss by the Marshall County Board of Supervisors [Dkt. No. 79]; the motion to dismiss of the Rankin County Board of Supervisors and Larry Swales [Dkt. No. 86]; the motion to dismiss of the Lawrence County Board of Supervisors and Kevin Rayborn [Dkt. No. 81]; the motion of the State of Mississippi and Attorney General Jim Hood, in his official Capacity [Dkt. No. 26]. It is further ordered that the complaint against defendants Madison county Board of Supervisors and Ronny Lott is dismissed *sua sponte;* that plaintiff James Alexander's "Motion for Relief" is denied [Dkt. No. 72]; and that the various motions to strike plaintiff's "Motion for Relief" are denied as moot [Dkt. Nos. 90, 91, 92, 93, 94, 95, 96 and 97]. Finally, as the court declines to exercise supplemental jurisdiction over plaintiff's state law claims, those claims will be dismissed without prejudice.

    A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED this 17th day of November, 2015.

    /s/ Tom S. Lee
    UNITED STATES DISTRICT JUDGE